```
                                                    FILED
                                              2006 SEP 13 PM 2:54

                                              CLERK US DISTRICT COURT
                                            SOUTHERN DISTRICT OF CALIFORNIA

                                            BY_____DEPUTY
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER S. ISORENA,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, KALE FUJINAKA, individual,<br><br>　　　　　　　　　　Defendants. | CASE NO. 05cv1879-LAB (RBB)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

Plaintiff Roger Isorena is a taxpayer residing in this district who was assessed a penalty by the Internal Revenue Service and has brought this action *in pro per* to contest it. Defendants are the U.S. Department of the Treasury, the Internal Revenue Service, and an individual Revenue Agent. Defendants have moved under Fed. R. Civ. P. 12 to dismiss this action for want of subject matter jurisdiction or, in the alternative, because service of process was allegedly defective. They ask the Court to dismiss Plaintiff's claims with prejudice and to dismiss the action. Alternatively, Defendants ask the Court to construe the claims as being against the United States rather than against them.

Because Plaintiff is appearing *pro se*, the Court construes his pleadings liberally. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.1987).　Plaintiff alleges he was assessed a penalty under § 6700 of the Internal Revenue Code, 26 U.S.C. § 6700, in connection with his association with a multi-level marketing arrangement. Defendants aver the amount of this penalty was $12,441. Plaintiff seeks the following relief: "The Plaintiff be granted his claim that no violation of IRC § 6700 was committed

1  and reversal of the governments order to pay be granted. In addition the Plaintiff asks that all fees for
2  this action be paid by the defendant." [Sic] Complaint at 3.

3        The complaint, taken literally, indicates that Plaintiff is seeking only declaratory relief and an
4  injunction prohibiting enforcement of the penalty assessment. However, the pleadings make clear that
5  Plaintiff has already paid a portion of the penalty. (Pl.'s Opp'n to Mot. to Dismiss at 3.) Therefore,
6  construing his pleadings liberally, the Court understands him to be seeking a refund of that portion of
7  the penalty he has already paid.

8        Defendants attack the complaint on several bases. First, they argue Plaintiff has not met the
9  requirements for filing suit in district court. Taxpayers who disagree with a penalty assessment can
10 contest it by (1) paying 15% of the assessment and filing an administrative refund claim within 30 days
11 of notice of the penalty, (2) waiting until the IRS denies the claim or until 6 months elapse (whichever
12 is earlier), and (3) filing suit in district court within 30 days after that. *Korobkin v. United States*, 988
13 F.2d 975, 976 (9th Cir. 1993) (citing 26 U.S.C.. §§ 6703(c)(1)–(2)). Both parties agree Plaintiff filed
14 suit within 30 days of receiving a denial of his claim. Both parties also agree Plaintiff paid part of the
15 penalty, but within 30 days he had paid less than 15%. He contends that § 6703 does not require him
16 to pay 15% within thirty days of notice and demand, and argues he is still continuing to make
17 payments. The Court has reviewed § 6703(c) and concludes the section clearly requires him to pay
18 at not less than 15% of the assessed penalty within 30 days of receiving notice and demand.

19       Because Plaintiff has not complied with the provisions of § 6703, this Court lacks jurisdiction
20 to hear his case unless he pays the full penalty. *Korobkin*, 988 F.2d 976 (citing *Flora v. United States*,
21 362 U.S. 145, 177 (1960) (holding that taxpayer must pay taxes owed before bringing suit for refund));
22 *Steele v. United States*, 280 F.2d 89 (8th Cir. 1960) (acknowledging the rule's applicability to penalty
23 assessments)). If Plaintiff had paid the full penalty and duly filed a claim for refund or credit, this
24 Court may have had jurisdiction to hear his claim for refund pursuant to 26 U.S.C. § 7422(a).
25 However, both sides agree on facts that also make § 7422 inapplicable here. This Court therefore lacks
26 jurisdiction to hear Plaintiff's claim for a refund.

27       Although Defendants apparently construe the complaint as seeking only a refund, it seems clear
28 Plaintiff is also seeking declaratory and injunctive relief. Although the Court's jurisdiction to grant

either of these forms of relief was not raised by the parties, the Court must nevertheless decide this issue. *In re Thomas*, 428 F.3d 1266, 1268 (9th Cir. 2005) (holding that court must consider the presence or absence of subject matter jurisdiction *sua sponte*).

Under the Anti-Injunction Act, 26 U.S.C. § 7421(a), no suit may be maintained in any court to enjoin the assessment or collection of any tax. This prohibition includes suits brought to enjoin the assessment or collection of penalties. *U.S. v. Condo*, 782 F.2d 1502, 1506 (9th Cir. 1986). The only exception to this rule requires the taxpayer to demonstrate that the government could not possibly prevail in the suit. *Id.* (citing *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962)). A review of his pleadings demonstrates that Plaintiff has not met this requirement; at the very least, there are contested issues of fact that could result in the government's prevailing in the suit Plaintiff is attempting to bring.

Furthermore, the Court cannot grant Plaintiff the declaratory relief he seeks. The Declaratory Judgment Act, 28 U.S.C. § 2201(a), withholds from United States courts the authority to grant declaratory relief that would interfere with the collection of taxes; this forbids the granting of declaratory relief to taxpayers to at least the same extent as the Anti-Injunction Act forbids the granting of injunctive relief. *Bob Jones University v. Simon*, 416 U.S. 725, 732 n.7 (1974).

Because these are adequate bases on which to decide the motion, the Court need not examine the remaining alleged bases for dismissal. The Court cannot at this time assume Plaintiff will never pay the penalty in full. If he does, he may be able to bring suit for a refund. At this time, however, it is clear this Court lacks jurisdiction to hear his claims. Plaintiffs' claims are therefore **DISMISSED** without prejudice. This action against Defendants is likewise **DISMISSED**.

**IT IS SO ORDERED.**

DATED: 9-12-06

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

cc: Magistrate Judge Ruben B. Brooks
Plaintiff, *Pro Se*
All Counsel of Record